JOSÉ DE GRACIA, Plaintiff, *v.* GERARDO GUARDIOLA, Defendant and Appellant, and OSCAR A. GANDÍA, Stenographer and Appellee.

No. 4885. Argued March 5, 1929.—Decided July 12, 1929.

F. *Soto Gras* for the appellant. *Feliú & La Costa* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an appeal from an order of the District Court of San Juan directing its stenographer to return a certain sum which had been overcharged. The appeal has been taken by the party in whose favor the reimbursement was ordered and it involves the construction of statutes which regulate the collection of fees by district court stenographers.

The facts involved and the issues determined appear very clearly from the statement of the case and opinion of the lower court which reads in part as follows:

"In the present case and on motion of the defendant, stenographer Oscar A. Gandía was ordered to prepare a transcript of the evidence, that is, of the testimony given and evidence admitted and of the decisions, rulings or statements of the court as well as of all objections and exceptions of counsel and questions or matters connected therewith, for the purposes of an appeal taken by the defendant to the Supreme Court of Porto Rico, in accordance with the provisions of Act No. 27 of November 27, 1917, as amended by Act No. 81 of July 20, 1919. Said transcript was filed in the office of the clerk, a certified copy thereof having been delivered to the attorneys of the plaintiff, Blondet and Campillo, and another to F. Soto Gras, attorney for the defendant.

"The stenographer charged the defendant for his work the sum of $200 which was paid to him in three instalments of $50, $70 and $80 respectively. Thereafter the defendant moved for the reimbursement to him of the sum of $173.08 on the ground that after counting the words contained in the record these aggregated 26,924 words which at the rate of 10¢ per each 100 words amounted only to $26.92. After a hearing the court decided that it had no power to order as moved the reimbursement requested but that an ordinary action should be brought. This decision, however, was set aside by the Supreme Court and the case remanded for further

proceedings in accordance with the principles laid down in the opinion.

"A new hearing, in which the stenographer appeared by his attorney Leopoldo Feliú, was held and both sides introduced evidence and filed briefs.

"Section 2 of Act No. 27 of 1917 imposes upon the stenographer the duty, when ordered by the court, to transcribe faithfully and completely the *stenographic record of the trial*, including in such transcript a copy of all documents offered and admitted in evidence and of any other matter requested in the application. Section 3 of the same Act as amended by Act No. 81 of 1919, also cited above, provides *that the stenographer shall deliver a copy of the transcript to the appellant, another to the appellee, and the third copy to the secretary to be attached to the judgment roll*, certifying to such deliveries at the end of the original.

"Section 5 of the Act of March 10, 1904, providing for the appointment of stenographers of district courts, states *that it shall be the duty of each reporter to furnish, on the application of any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same.* The stenographic record, under the statute of 1904, includes only the oral proceedings and the testimony of witnesses. Documentary evidence is merely referred to.

"Prior to Act No. 27 of 1917 the authorized procedure for incorporating the evidence, both documentry and oral, was by means of a statement of the case, which the party must prepare. Ordinarily, application was made by the appellant for a copy of the testimony of the witnesses in order to draft the statement, and the appellee also requested a copy for verification purposes, and both parties paid for the record. Later, the above Act No. 27 of 1917 was enacted, providing for the transcript of the record to be prepared by the stenographer, that is, the same stenographic record but adding thereto the documentary evidence and all the orders, acts and statements of the court, as well as the objections and exceptions of counsel and questions or matters connected therewith. An appellant at present may, at his option, avail himself of either, that is, the statement of the case or the transcript of the evidence. If he avails himself of the former and needs the stenographic record he must pay the stenographer for it, and likewise the appellee if he also needs it. If appellant pursues the latter method, in which

case the stenographer is required by the 1919 statute to deliver three copies, one of them to the appellant, another to the appellee and a third to the clerk, the three copies must also be paid for in accordance with the schedule of fees authorized by the 1904 statute regulating the fees to be charged by the stenographer for copies of the record and the notes taken by him. In the procedure by statement of the case if the appellee needs a copy of the transcript he must pay for it; but if the appellant chooses to avail himself of the procedure by transcript of the evidence prepared by the stenographer, who is then required to deliver a copy thereof to the appellee, the appellant must pay for that copy as well as for the one he receives, because it would be neither fair nor reasonable that the appellee, who has secured a judgment in his favor, should pay for the copy of a transcript served on him, at the request of the appellant, under the provisions of section 2 of the Act of 1917. Even though the stenographer in transcribing his notes, either for the statement of the case or for the transcript of the evidence, makes the copies together with the original, the law does not distinguish as regards fees and he is entitled to charge for each copy delivered by him as if it were the original. The stenographer, therefore, is entitled to charge the defendant-appellant, who availed himself of the transcript of the evidence, for the three copies delivered by him, at the rate of $26.92 per copy of 26,924 words each, the sum of $80.76, and he must return the sum of $119.24 which has been overcharged.

"In order to justify the overcharge the stenographer testified that payment thereof was made voluntarily and that, owing to the accumulation of work, he had stipulated with the attorney for the defendant, Soto Gras, to do the work outside office hours, and that he took home his note-books and there prepared the transcript at night. Attorney Soto Gras denied having entered into any such agreement with the stenographer; but, be that as it may, no 'other fees can be charged by the stenographer than those provided by the statute of 1904 which fixes his compensation, as clearly set forth in the opinion of the Supreme Court of Porto Rico, whose principles we are bound to follow, respect and enforce.

"The stenographers of the District Court of San Juan are paid annually a salary of $1,800, that is, $150 monthly, by the Government of Porto Rico, and they collect 10¢ as fees for each 100 words of the transcripts made by them to be paid by the parties."

The appellant assigns two errors, the first of which is as follows:

"Failure to consider the decision of this Hon. Court of January 31, 1928, in certiorari case No. 576 as the law of the case herein and as decisive of all the questions at issue between the parties."

We are of opinion that no error has been committed. The district court reasonably applied the law of the case. The question of delivery of copies to the parties and to the clerk was not considered by this Supreme Court in the certiorari case. Aside from the question of procedure disposed of therein, the real holding in that case was that the official stenographer of a district court in Porto Rico, a public officer who receives a salary from the Government and who is authorized to charge for his work fees which the law fixes, can claim and collect only the fees so fixed and no others. *Guardiola* v. *District Court of San Juan,* 37 P.R.R. 605.

The second error assigned is as follows:

"Holding that the stenographer is entitled to charge for the copies of the transcript of the evidence delivered to the parties."

In his argument the appellant says:

"Even if this Hon. Court had not decided the question whether or not the stenographer may charge for copies of the record delivered to the parties, we contend that under the law and the principles laid down by this Hon. Court, no other payment should be required than that of TWENTY SIX DOLLARS AND NINETY TWO CENTS ($26.92) for the original transcript of the record.

"The stenographer invokes the amendment provided by Act No. 81 of 1919, according to which:

" 'The stenographer shall deliver a copy of the transcript to the appellant, another to the appellee, and the third copy to the secretary to be attached to the judgment roll, *certifying* to such *deliveries* at the end of the original.'

"As may be noted from a mere reading of the above statutory provision, it does not appear therefrom that the stenographer is entitled to charge for the copies made by him, and still less is the obligation imposed on the appellant to pay for all the said copies.

"It would seem advisable to call attention to the fact that originally the Act of 1917 (Vol. II) did not make it the duty of the stenographer to deliver copies to the parties and that such duty was imposed on the stenographer by the Act of 1919 above quoted.

"As such disbursements, under the Act of 1904, are in the nature of costs, the provision under consideration should be strictly construed and the scope of the provisions of the statute of 1904 authorizing the stenographer to charge for the *original transcript* of the record should not be extended by interpretation.

"The Legislature might properly impose on the stenographer the additional duty of delivering copies of his work to the parties within the compensation fixed for the original transcript requested by the appellant. It is incumbent on the Legislature only to correct its oversight, if any, in failing to fix compensation to the stenographer for the additional copies to be delivered to the parties.

"What we can not admit is that a new obligation should be imposed on the appellant which does not arise from the statute or from any agreement between him and the stenographer, and since, according to sec. 1056 of the Civil Code, 'obligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs,' it is evident that the appellant has not assumed with respect to the stenographer any obligation to compensate him for copies which by command of and pursuant to the law it is the duty of the said officer to deliver to the parties.

"The appellant is bound to pay for the original copy filed in the office of the clerk, the transcript of the evidence for the purposes of the appeal, and which is then forwarded to this Hon. Court, because he asked the stenographer to prepare it, and this is the only instance wherein under the statute of 1904 he assumes the obligation to pay the stenographer for the copy of the record, that is, when the party requests it."

In our opinion the argument of the appellant does not overcome the reasoning of the district judge. It is true that there is nothing expressly provided in the later acts as to the amount of the fees to be charged, but this is so because account was taken of the existence of the prior statute. An additional duty was imposed on the stenographer and although it does not seem equitable, indeed, that he should charge at the same rate for the three copies, since the main

work is done in preparing the original, neither would it be fair that he should receive nothing for the other two copies. And as the stenographer, in the new method of appeal provided by law, acts for the benefit of the appellant, we find the construction of the district court correct, the more so since such method is not obligatory and the appellant may prosecute his appeal by the old method, that is, by means of a statement of the case, when he is bound to pay the stenographer only for the copy he may request.

The judgment appealed from must be affirmed.